"A"

STATE OF RHODE ISLAND
PROVIDENCE COUNTY, SC

SUPERIOR COURT

FRANCIS MARX, IV and MAUREEN MARX
as beneficiaries of the
ESTATE OF FRANCIS J. MARX, V

vs.

C.A. No.

JARRAD ROCHELEAU; LOREN
WELSH; GLENN STURGEON;
TREMBLAY'S BUS COMPANY, INC.;
JOSEPH DECANDIDO; P.J. ENTERPRISES, INC.
d/b/a THE RHINO BAR AND GRILLE and THE
MAMBA ROOM; KINSLEY'S, LTD., d/b/a
THE NEWPORT BLUES CAFE; and
LAURA SITRIN, in her capacity as FINANCE
DIRECTOR of the CITY OF NEWPORT

**COMPLAINT**

**Parties**

1. Plaintiffs Francis Marx, IV and Maureen Marx are residents of the Town of Richboro, Commonwealth of Pennsylvania and are the parents of Francis J. Marx, V and beneficiaries of his estate.

2. Defendant Jarrad Rocheleau is a resident of the Town of Cumberland, State of Rhode Island.

3. Defendant Loren Welsh is a resident of the Town of Branchburg, State of New Jersey.

4. Defendant Glenn Sturgeon is a resident of the Town of Acushnet, Commonwealth of Massachusetts.

5. Defendant Tremblay's Bus Company, Inc. is a corporation with its principal place of business in the Town of New Bedford, Commonwealth of Massachusetts.

6. Upon information and belief, defendant Joseph DeCandido is a resident of Valhalla, New York.

7. Defendant P.J. Enterprises, Inc. is a Rhode Island Corporation doing business as the Rhino Bar and Grille and the Mamba Room in the City of Newport, State of Rhode Island.

8. Defendant Kinsley's, Ltd. is a Rhode Island Corporation doing business as the Newport Blues Café in the City of Newport, State of Rhode Island.

9. Defendant Laura Sitrin is Finance Director of the City of Newport and the appropriate defendant under section 45-15-5 of the Rhode Island General Laws.

**Count I – Negligence – Jarrad Rocheleau**

10. Plaintiffs reallege and incorporate Paragraphs 1-9 as if each were set forth fully herein.

11. On or about May 19, 2004 through May 20, 2004, Defendant Jarrad Rocheleau attended The Newport Blues Café and The Rhino Bar and Grille as part of a pub crawl event.

12. On or about that time and place, defendant Jarrad Rocheleau consumed alcoholic beverages purchased from The Newport Blues Café and The Rhino Bar and Grille.

13. On or about that time and place defendant Jarrad Rocheleau became intoxicated as a result of drinking alcoholic beverages purchased from The Newport Blues Café and The Rhino Bar and Grille.

14. On or about May 20, 2004, defendant Jarrad Rocheleau was located at the corner of Thames Street and Perry Mill Wharf in Newport, Rhode Island.

15. At that time and place defendant Glenn Sturgeon was operating a school bus that was owned by defendant Tremblay's Bus Company, Inc. and was traveling east on Perry Mill Wharf and turning south on Thames Street in Newport, Rhode Island.

16. At that time and place, defendant Jarrad Rocheleau negligently caused decedent to be pushed to the pavement into the lane of travel on Thames Street.

17. As a direct and proximate result of defendant Jarrad Rocheleau's negligence, Francis J. Marx, V landed in front of the right rear wheels of the bus that was being operated by defendant Glenn Sturgeon.

18. As a direct and proximate result of defendant Jarrad Rocheleau's negligence, Francis J. Marx, V was struck by the bus that was being operated by defendant Glenn Sturgeon.

19. As a direct and proximate result of defendant Jarrad Rocheleau's negligence, Francis J. Marx, V suffered fatal head injuries.

20. At all times herein mentioned, decedent Francis J. Marx, V was in the exercise of due care.

21. As a direct and proximate result of defendant Jarrad Rocheleau's negligence, decedent Francis J. Marx, V suffered substantial loss of future earning capacity.

22. The amount of damages exceed the amount necessary to confer jurisdiction upon this court.

WHEREFORE, Plaintiffs demand judgment for compensatory damages for the wrongful death of Francis J. Marx, V together with interest and costs

**Count II – Assault and Battery – Jarrad Rocheleau**

23. Plaintiffs reallege and incorporate Paragraphs 1-9 and Paragraphs 10-22 of Count I as if each were set forth fully herein.

24. On or about May 19, 2004 through May 20, 2004, Defendant Jarrad Rocheleau attended The Newport Blues Café and The Rhino Bar and Grille as part of a pub crawl event.

25. On or about that time and place, defendant Jarrad Rocheleau consumed alcoholic beverages purchased from The Newport Blues Café and The Rhino Bar and Grille.

26. On or about that time and place defendant Jarrad Rocheleau became intoxicated as a result of drinking alcoholic beverages purchased from The Newport Blues Café and The Rhino Bar and Grille.

27. On or about May 20, 2004, defendant Jarrad Rocheleau was located at the corner of Thames Street and Perry Mill Wharf in Newport, Rhode Island.

28. At that time and place defendant Glenn Sturgeon was operating a school bus that was owned by defendant Tremblay's Bus Company, Inc. and was traveling east on Perry Mill Wharf and turning south on Thames Street in Newport, Rhode Island.

29. At that time and place, defendant Jarrad Rocheleau intentionally assaulted and battered decedent Francis J. Marx causing decedent to be pushed to the pavement into the lane of travel on Thames Street.

30. Defendant Jarrad Rocheleau's intentional actions constituted conduct tantamount to criminality.

31. As a direct and proximate result of defendant Jarrad Rocheleau's intentional actions, Francis J. Marx, V landed in front of the right rear wheels of the bus that was being operated by defendant Glenn Sturgeon.

32. As a direct and proximate result of defendant Jarrad Rocheleau's intentional actions, Francis J. Marx, V was struck by the bus that was being operated by defendant Glenn Sturgeon.

33. As a direct and proximate result of defendant's intentional actions, Francis J. Marx, V suffered fatal head injuries.

34. At all times herein mentioned, decedent Francis J. Marx, V was in the exercise of due care.

35. As a direct and proximate result of defendant Jarrad Rocheleau's intentional actions, decedent Francis J. Marx, V suffered substantial loss of future earning capacity.

36. The amount of damages exceed the amount necessary to confer jurisdiction upon this court.

WHEREFORE, Plaintiffs demand judgment for compensatory damages as well as further judgment against defendant Jarrad Rocheleau for punitive damages for the wrongful death of Francis J. Marx, V together with interest and costs.

**Count III – Negligence – Loren Welsh**

37. Plaintiffs reallege and incorporate Paragraphs 1-8, Paragraphs 9-22 of Count I and Paragraphs 23-36 of Count II as if each were set forth fully herein.

38. On or about May 19, 2004 through May 20, 2004, Defendant Loren Welsh attended the Newport Blues Café and The Rhino Bar and Grille as part of a pub crawl event.

39. On or about that time and place, defendant Loren Welsh consumed alcoholic beverages purchased from The Newport Blues Café and The Rhino Bar and Grille.

40. On or about that time and place defendant Loren Welsh became intoxicated as a result of drinking alcoholic beverages purchased from The Newport Blues Café and The Rhino Bar and Grille.

41. On or about May 20, 2004, defendant Loren Welsh was located at the corner of Thames Street and Perry Mill Wharf in Newport, Rhode Island.

42. At that time and place defendant Glenn Sturgeon was operating a school bus that was owned by defendant Tremblay's Bus Company, Inc. traveling east on Perry Mill Wharf and turning south on Thames Street in Newport, Rhode Island.

43. At that time and place, defendant Loren Welsh negligently pushed decedent from the corner of Thames Street and Perry Mill Wharf where he was standing onto the pavement in the travel lane of Thames Street.

44. As a direct and proximate result of defendant Loren Welsh's negligence, Francis J. Marx, V landed in front of the right rear wheels of the bus that was being operated by defendant Glenn Sturgeon.

45. As a direct and proximate result of defendant Loren Welsh's negligence, Francis J. Marx, V was struck by the bus that was being operated by defendant Glenn Sturgeon.

46. As a direct and proximate result of defendant Loren Welsh's negligence, Francis J. Marx, V suffered fatal head injuries.

47. At all times herein mentioned, decedent Francis J. Marx, V was in the exercise of due care.

48. As a direct and proximate result of defendant Loren Welsh's negligence, decedent Francis J. Marx, V suffered a substantial loss of future earning capacity.

49. The amount of damages exceed the amount necessary to confer jurisdiction upon this court.

WHEREFORE, Plaintiffs demand judgment against defendant Loren Welsh for compensatory damages for the wrongful death of Francis J. Marx, V together with interest and costs.

**Count IV – Assault and Battery – Loren Welsh**

50. Plaintiffs reallege and incorporate Paragraphs 1-9, Paragraphs 10-22 of Count I, Paragraphs 23-36 of Count II and Paragraphs 37-49 of Count III as if each were set forth fully herein.

51. On or about May 19, 2004 through May 20, 2004, Defendant Loren Welsh attended the Newport Blues Café and The Rhino Bar and Grille as part of a pub crawl event.

52. On or about that time and place, defendant Loren Welsh consumed alcoholic beverages purchased from The Newport Blues Café and The Rhino Bar and Grille.

53. On or about that time and place defendant Loren Welsh became intoxicated as a result of drinking alcoholic beverages purchased from The Newport Blues Café and The Rhino Bar and Grille.

54. On or about May 20, 2004, defendant Loren Welsh was located at the corner of Thames Street and Perry Mill Wharf in Newport, Rhode Island.

55. At that time and place defendant Glenn Sturgeon was operating a school bus that was owned by defendant Tremblay's Bus Company, Inc. traveling east on Perry Mill Wharf and turning south on Thames Street in Newport, Rhode Island.

56. At that time and place, defendant Loren Welsh intentionally assaulted and battered decedent Francis J. Marx.

57. At that time and place, defendant Loren Welsh intentionally pushed decedent from the corner of Thames Street and Perry Mill Wharf where he was standing onto the pavement in the travel lane of Thames Street.

58. Defendant Loren Welsh's intentional actions constituted conduct tantamount to criminality.

59. As a direct and proximate result of defendant Loren Welsh's intentional actions, Francis J. Marx, V landed in front of the right rear wheels of the bus that was being operated by defendant Glenn Sturgeon.

60. As a direct and proximate result of defendant Loren Welsh's intentional actions, Francis J. Marx, V was struck by the bus that was being operated by defendant Glenn Sturgeon.

61. As a direct and proximate result of defendant Loren Welsh's intentional actions, Francis J. Marx, V suffered fatal head injuries.

62. At all times herein mentioned, decedent Francis J. Marx, V was in the exercise of due care.

63. As a direct and proximate result of defendant Loren Welsh's intentional actions, decedent Francis J. Marx, V suffered substantial loss of future earning capacity.

64. The amount of damages exceed the amount necessary to confer jurisdiction upon this court.

WHEREFORE, Plaintiffs demand judgment against defendant Loren Welsh for compensatory damages and for punitive damages for the wrongful death of Francis J. Marx, V together with interest and costs.

**Count V – Negligence – Glenn Sturgeon**

65. Plaintiffs reallege and incorporate Paragraphs 1-9, Paragraphs 10-22 of Count I, Paragraphs 23-36 of Count II, Paragraphs 37-49 of Count III and Paragraphs 50-64 of Count IV as if each were set forth fully herein.

66. On or about May 20, 2004, defendant Glenn Sturgeon was operating a school bus that was owned by defendant Tremblay's Bus Company, Inc. for the purposes of transporting University of Rhode Island senior students from the Rhino Bar in Newport, Rhode Island to Scarborough Beach in Narragansett, Rhode Island.

67. On or about May 20, 2004, defendant Glenn Sturgeon was operating a school bus that was owned by defendant Tremblay's Bus Company, Inc. and was traveling east on Perry Mill Wharf and turning South on Thames Street in Newport, Rhode Island.

68. At that time and place a large crowd of individuals were gathered on the corner of Perry Mill Wharf and Thames Street in Newport, Rhode Island.

69. Defendant Glenn Sturgeon knew or should have known that the individuals who were gathered on the corner of Perry Mill Wharf and Thames Street in Newport, Rhode Island had been drinking alcohol as part of a pub crawl which took place, in part, at The Rhino Bar.

70. Defendant Glenn Sturgeon knew or should have known that the individuals who were gathered on the corner of Perry Mill Wharf and Thames Street in Newport, Rhode Island had been drinking alcohol and were intoxicated as a result.

71. The large number of individuals gathered on the corner of Perry Mill Wharf and Thames Street in Newport, Rhode Island, made the bus that defendant Glenn Sturgeon was driving more difficult to navigate around the of Perry Mill Wharf and Thames Street, both of which are narrow roadways.

72. As a result of the large amount of individuals gathered on the corner of Perry Mill Wharf and Thames Street in Newport, Rhode Island, defendant Glenn Sturgeon was required to operate the bus with the care and skill of an ordinary prudent bus driver under the circumstances.

73. Defendant Glenn Sturgeon negligently failed to operate the bus with the care and skill required of him under the circumstances.

74. Defendant Glenn Sturgeon negligently caused the bus he was driving to strike decedent Francis J. Marx, V who was located on the ground in Thames Street.

75. As a direct and proximate result of defendant Glenn Sturgeon's negligence, Francis J. Marx, V suffered fatal head injuries.

76. At all times herein mentioned, decedent Francis J. Marx, V was in the exercise of due care.

77. As a direct and proximate result of defendant Glenn Sturgeon's negligence, decedent Francis J. Marx, V suffered substantial loss of future earning capacity.

78. The amount of damages exceed the amount necessary to confer jurisdiction upon this court.

WHEREFORE, Plaintiffs demand judgment against Glenn Sturgeon for compensatory damages for the wrongful death of Francis J. Marx, V together with interest and costs.

**Count VI – Negligence / Respondeat Superior – Tremblay's Bus Company, Inc.**

79. Plaintiffs reallege and incorporate Paragraphs 1-9, Paragraphs 10-22 of Count I, Paragraphs 23-36 of Count II, Paragraphs 37-49 of Count III, Paragraphs 50-64 of Count IV and Paragraphs 65-78 of Count V as if each were set forth fully herein.

80. On or about May 20, 2005, defendant Tremblay's Bus Company was the owner of a bus that was being operated by defendant Glenn Sturgeon.

81. On or about May 20, 2005, defendant Glenn Sturgeon was operating said bus with the consent of its owner, defendant Tremblay's Bus Company.

82. At that time, defendant Glenn Sturgeon was an employee of defendant Tremblay's Bus Company and, at all times herein mentioned, was acting within the scope of that employment.

83. As an employer of defendant Glenn Sturgeon, defendant Tremblay's Bus Company is liable for the negligence of its employee, Glenn Sturgeon, who, at all times herein mentioned, was acting within the scope of his employment.

84. On or about May 20, 2005, defendant Glenn Sturgeon was operating said bus at Perry Mill Wharf in Newport, Rhode Island with the purpose of boarding pub crawl attendees on the bus he was operating.

85. Defendant Glenn Sturgeon was negligent in planning and choosing said location as a boarding site for his passengers.

86. As a direct and proximate result of defendant Glenn Sturgeon's negligence in planning and choosing said location as a boarding site, decedent Francis J. Marx, V suffered a wrongful death.

87. Defendant Tremblay's Bus Company was negligent in planning and choosing said location as a boarding site for defendant Glenn Sturgeon's passengers.

88. As a direct and proximate result of defendant Tremblay's Bus Company's negligence in planning and choosing said location as a boarding site, decedent Francis J. Marx, V suffered a wrongful death.

89. On or about May 20, 2005, defendant Glenn Sturgeon was operating said bus and traveling east on Perry Mill Wharf and turning South on Thames Street in Newport, Rhode Island.

90. At that time and place, defendant Glenn Sturgeon negligently caused the bus he was driving to strike and kill decedent Francis J. Marx, V.

91. At all times herein mentioned, decedent Francis J. Marx, V was in the exercise of due care.

92. As a direct and proximate result of defendant Glenn Sturgeon's negligence, decedent Francis J. Marx, V suffered substantial loss of future earning capacity.

93. The amount of damages exceed the amount necessary to confer jurisdiction upon this court.

WHEREFORE, Plaintiffs demand judgment against Tremblay's Bus Company, Inc. for compensatory damages for the wrongful death of Francis J. Marx, V together with interest and costs.

**Count VII – Negligence - Joseph DeCandido**

94. Plaintiffs reallege and incorporate Paragraphs 1-9, Paragraphs 10-22 of Count I, Paragraphs 23-36 of Count II, Paragraphs 37-49 of Count III, Paragraphs 50-64 of Count IV, Paragraphs 65-78 of Count V, and Paragraphs 79-93 of Count VI as if each were set forth fully herein.

95. On or before May 19, 2004, defendant Joseph DeCandido organized and arranged a pub crawl event to take place at The Garden, The Newport Blues Café and The Rhino Bar and Grille.

96. On or before May 19, 2004, defendant Joseph DeCandido sold tickets, for profit, to the pub crawl event to University of Rhode Island senior students.

97. The purpose of the pub crawl was to allow University of Rhode Island senior students access to various alcoholic beverage retailer establishments.

98. On or before May 19, 2004, defendant Joseph DeCandido employed and directed defendant Tremblay's Bus Company to transport students to and from Scarborough Beach in Narragansett, Rhode Island and the various locations of the pub crawl in Newport, Rhode Island.

99. Defendant Joseph DeCandido knew or should have known that the students that were to be transported by bus to and from the pub crawl and others who were to attend the pub crawl would become intoxicated.

100. Defendant Joseph DeCandido owed a duty of reasonable care to ensure the safety, security and welfare of pub crawl attendees as well as that of individuals within the community at large with whom pub crawl attendees would come in contact with.

101. On or about May 19, 2004 through May 20, 2004 defendant Joseph DeCandido negligently failed to take reasonable steps to ensure the safety, security, and welfare of pub crawl attendees and the individuals within the community at large with whom pub crawl attendees would come in contact with.

102. As a direct and proximate result of defendant Joseph DeCandido's negligence, large numbers of students became intoxicated and unruly.

103. As a direct and proximate result of defendant Joseph DeCandido's negligence, Francis J. Marx, V was struck by a bus that was being operated by defendant Glenn Sturgeon and owned by defendant Tremblay's Bus Company, Inc.

104. As a direct and proximate result of defendant Joseph DeCandido's negligence, Francis J. Marx, V suffered fatal head injuries.

105. At all times herein mentioned, decedent Francis J. Marx, V was in the exercise of due care.

106. As a direct and proximate result of defendant Joseph DeCandido's negligence, decedent Francis J. Marx, V suffered substantial loss of future earning capacity.

107. The amount of damages exceed the amount necessary to confer jurisdiction upon this court.

WHEREFORE, Plaintiffs demand judgment against defendant Joseph DeCandido for compensatory damages for the wrongful death of Francis J. Marx, V together with interest and costs.

**Count VIII – Negligent Service of Liquor – P.J. Enterprises, Inc. d/b/a The Rhino Bar and Grille and The Mamba Room**

108. Plaintiffs reallege and incorporate Paragraphs 1-9, Paragraphs 10-22 of Count I, Paragraphs 23-36 of Count II, Paragraphs 37-49 of Count III, Paragraphs 50-64 of Count IV, Paragraphs 65-78 of Count V, Paragraphs 79-93 of Count VI, and Paragraphs 94-107 of Count VII as if each were set forth fully herein.

109. At all times herein mentioned, defendant P.J. Enterprises, Inc. was a Rhode Island Corporation doing business as the Rhino Bar and Grille and the Mamba Room [hereinafter Rhino Bar] in the City of Newport, State of Rhode Island.

110. On or about May 19, 2004 through May 20, 2004, defendant Rhino Bar was a tavern engaged in the business of selling alcoholic beverages.

111. At that time, defendant Rhino Bar was required to maintain a retailer's Class B liquor license.

112. Upon information and belief, on or about May 19, 2004 through May 20, 2004, defendant Rhino Bar held a retailer's Class B liquor license.

113. At that time, defendant Rhino Bar, by and through its agents, servants and/or employees, allowed the Rhino Bar to be utilized in connection with a pub crawl event that was organized and arranged by defendant Joseph DeCandido.

114. At that time, defendants Jarrad Rocheleau and Loren Welsh were patrons of the Rhino Bar and were visibly intoxicated.

115. At that time, defendant Rhino Bar, by and through its agents, servants and/or employees, negligently served alcohol to defendants Jarrad Rocheleau and Loren Welsh despite their being visibly intoxicated.

116. As a direct and proximate result of defendant Rhino Bar's negligent service of alcohol to defendants Jarrad Rocheleau and Loren Welsh, Francis J. Marx, V suffered a wrongful death.

117. As a direct and proximate result of defendant Rhino Bar's negligence, decedent Francis J. Marx, V suffered substantial loss of future earning capacity.

118. At all times herein mentioned, decedent Francis J. Marx, V was in the exercise of due care.

119. The amount of damages exceed the amount necessary to confer jurisdiction upon this court.

WHEREFORE, Plaintiffs demand judgment against P.J. Enterprises d/b/a The Rhino Bar and Grille and The Mamba Room for compensatory damages for the wrongful death of Francis J. Marx, V together with interest and costs.

**Count IX – Reckless Service of Liquor– P.J. Enterprises, Inc. d/b/a The Rhino Bar and Grille and The Mamba Room**

120. Plaintiffs reallege and incorporate Paragraphs 1-9, Paragraphs 10-22 of Count I, Paragraphs 23-36 of Count II, Paragraphs 37-49 of Count III, Paragraphs 50-64 of Count IV, Paragraphs 65-78 of Count V, and Paragraphs 79-93 of Count VI, Paragraphs 94-107 of Count VII, Paragraphs 108-119 of Count VIII as if each were set forth fully herein.

121. At all times herein mentioned, defendant P.J. Enterprises, Inc. was a Rhode Island Corporation doing business as the Rhino Bar and Grille and the Mamba Room [hereinafter Rhino Bar] in the City of Newport, State of Rhode Island.



Dec 19 05 11:40a Trembley Bus Co. 1-208-882-9812 p.18

122. On or about May 19, 2004 through May 20, 2004, defendant Rhino Bar was a tavern engaged in the business of selling alcoholic beverages.

123. At that time, defendant Rhino Bar was required to maintain a retailer's Class B liquor license.

124. Upon information and belief, on or about May 19, 2004 through May 20, 2004, defendant Rhino Bar held a retailer's Class B liquor license.

125. At that time, defendant Rhino Bar, by and through its agents, servants and/or employees, allowed the Rhino Bar to be utilized in connection with a pub crawl event that was organized and arranged by defendant Joseph DeCandido.

126. At that time, defendants Jarrad Rocheleau and Loren Welsh were patrons of the Rhino Bar and were visibly intoxicated.

127. At that time, defendant Rhino Bar, by and through its agents, servants and/or employees, recklessly served alcohol to defendants Jarrad Rocheleau and Loren Welsh despite their being visibly intoxicated.

128. As a direct and proximate result of defendant Rhino Bar's reckless service of alcohol to defendants Jarrad Rocheleau and Loren Welsh, Francis J. Marx, V suffered a wrongful death.

129. As a direct and proximate result of defendant Rhino Bar's recklessness, decedent Francis J. Marx, V suffered substantial loss of future earning capacity.

130. At all times herein mentioned, decedent Francis J. Marx, V was in the exercise of due care.

131. The amount of damages exceed the amount necessary to confer jurisdiction upon this court.

132. WHEREFORE, Plaintiffs demand judgment against P.J. Enterprises d/b/a The Rhino Bar and Grille and The Mamba Room for compensatory damages and for punitive damages plus interest and costs for the wrongful death of Francis J. Marx, V.

**Count X – Negligent Service of Liquor –**
**Kinsley's, Ltd. d/b/a The Newport Blues Café**

133. Plaintiffs reallege and incorporate Paragraphs 1-9, Paragraphs 10-22 of Count I, Paragraphs 23-36 of Count II, Paragraphs 37-49 of Count III, Paragraphs 50-64 of Count IV, Paragraphs 65-78 of Count V, Paragraphs 79-93 of Count VI, Paragraphs 94-107 of Count VII, Paragraphs 108-119 of Count VIII and Paragraphs 120-132 of Count IX as if each were set forth fully herein.

134. At all times herein mentioned, defendant Kinsley's, Ltd. was a Rhode Island Corporation doing business as the Newport Blues Café [hereinafter Newport Blues Café] in the City of Newport, State of Rhode Island.

135. On or about May 19, 2004 through May 20, 2004, defendant Newport Blues Café was a victualing house engaged in the business of selling alcoholic beverages.

136. At that time, defendant Newport Blues Café was required to maintain a retailer's Class B liquor license.

137. Upon information and belief, on or about May 19, 2004 through May 20, 2004, defendant Newport Blues Café held a retailer's Class B liquor license.

138. At that time, defendant Newport Blues Café, by and through its agents, servants and/or employees, allowed the Newport Blues Café to be utilized in connection with a pub crawl event that was organized and arranged by defendant Joseph DeCandido.

139. At that time, defendants Jarrad Rochelcau and Loren Welsh were patrons of the Newport Blues Café and were visibly intoxicated.

140. At that time, defendant Newport Blues Café, by and through its agents, servants and/or employees, negligently served alcohol to defendants Jarrad Rocheleau and Loren Welsh despite their being visibly intoxicated.

141. As a direct and proximate result of defendant Newport Blues Café's negligent service of alcohol to defendants Jarrad Rocheleau and Loren Welsh, Francis J. Marx, V suffered a wrongful death.

142. As a direct and proximate result of defendant Newport Blues Café's negligence, decedent Francis J. Marx, V suffered substantial loss of future earning capacity.

143. At all times herein mentioned, decedent Francis J. Marx, V was in the exercise of due care.

144. The amount of damages exceed the amount necessary to confer jurisdiction upon this court.

WHEREFORE, Plaintiffs demand judgment against Kinsley's, Ltd. d/b/a The Newport Blues Café for compensatory damages for the wrongful death of Francis J. Marx, V together with interest and costs.

**Count XI – Reckless Service of Liquor–**
**Kinsley's, Ltd. d/b/a The Newport Blues Café**

145. Plaintiffs reallege and incorporate Paragraphs 1-9, Paragraphs 9-22 of Count I, Paragraphs 23-36 of Count II, Paragraphs 37-49 of Count III, Paragraphs 50-64 of Count IV, Paragraphs 65-78 of Count V, Paragraphs 79-93 of Count VI, Paragraphs 94-107 of Count VII, Paragraphs 108-119 of Count VIII, Paragraphs 120-132 of Count IX and Paragraphs 133-144 of Count X as if each were set forth fully herein.

146. At all times herein mentioned, defendant Kinsley's, Ltd. was a Rhode Island Corporation doing business as The Newport Blues Café [hereinafter Newport Blues Café] in the City of Newport, State of Rhode Island.

147. On or about May 19, 2004 through May 20, 2004, defendant Newport Blues Café was a victualing house engaged in the business of selling alcoholic beverages.

148. At that time, defendant Newport Blues Café was required to maintain a retailer's Class B liquor license.

149. Upon information and belief, on or about May 19, 2004 through May 20, 2004, defendant Newport Blues Café held a retailer's Class B liquor license.

150. At that time, defendant Newport Blues Café, by and through its agents, servants and/or employees, allowed the Newport Blues Café to be utilized in connection with a pub crawl event that was organized and arranged by defendant Joseph DeCandido.

151. At that time, defendants Jarrad Rocheleau and Loren Welsh were patrons of the Newport Blues Café and were visibly intoxicated.

152. At that time, defendant Newport Blues Café, by and through its agents, servants and/or employees, recklessly served alcohol to defendants Jarrad Rocheleau and Loren Welsh despite their being visibly intoxicated.

153. As a direct and proximate result of defendant Newport Blues Café's reckless service of alcohol to defendants Jarrad Rocheleau and Loren Welsh, Francis J. Marx, V suffered a wrongful death.

154. As a direct and proximate result of defendant Newport Blues Café's recklessness, decedent Francis J. Marx, V suffered substantial loss of future earning capacity.

155. At all times herein mentioned, decedent Francis J. Marx, V was in the exercise of due care.

156. The amount of damages exceed the amount necessary to confer jurisdiction upon this court.

WHEREFORE, Plaintiffs demand judgment against Kinsley's, Ltd. d/b/a The Newport Blues Café for compensatory damages and for punitive damages for the wrongful death of Francis J. Marx, V together with interest and costs.

**Count XII – Negligence – City of Newport**

157. Plaintiffs reallege and incorporate Paragraphs 1-9, Paragraphs 10-22 of Count I, Paragraphs 23-36 of Count II, Paragraphs 37-49 of Count III, Paragraphs 50-64 of Count IV, Paragraphs 65-78 of Count V, Paragraphs 79-93 of Count VI, Paragraphs 94-107 of Count VII, Paragraphs 108-119 of Count VIII, Paragraphs 120-132 of Count IX, Paragraphs 133-144 of Count X, and Paragraphs 145-156 of Count XI as if each were set forth fully herein.

158. On or before May 19, 2004, the City of Newport, through its agents and officials, knew that the above-mentioned pub crawl was going to take place in downtown Newport.

159. On or before May 19, 2004, the City of Newport, through its agents and officials, knew that a large number of University of Rhode Island senior students were going to attend the pub crawl with the intention of consuming alcohol.

160. On or before May 19, 2004, the City of Newport, through its agents and officials, knew that it was likely said students would become intoxicated and unruly.

DEC 19 05

161. On or about May 19, 2004 through May 20, 2004 the City of Newport, by and through its agents and officials, negligently failed to take adequate precautions to safeguard the citizens and visitors of Newport from the dangers associated with the pub crawl.

162. On or about that time, the City of Newport, by and through its agents and officials, negligently failed to provide adequate police presence and patrol at the various locations associated with the pub crawl.

163. On or about that time, the City of Newport, by and through its agents and officials, negligently failed to ensure that the buses operated in a location that was safe for loading and unloading passengers who attended the pub crawl.

164. On or about that time, the City of Newport, by and through its agents and officials, negligently designated Perry Mill Wharf as the location for buses to load and unload passengers who attended the pub crawl.

165. As a direct and proximate result of City of Newport's negligence, Francis J. Marx, V suffered a wrongful death.

166. As a direct and proximate result of defendant City of Newport's negligence, decedent Francis J. Marx, V suffered substantial loss of future earning capacity.

167. At all times herein mentioned, decedent Francis J. Marx, V was in the exercise of due care.

168. The amount of damages exceed the amount necessary to confer jurisdiction upon this court.

169. Plaintiff has served a demand upon the City Council for the City of Newport for satisfaction of the claims set forth herein in compliance with section 45-15-5 of the General Laws of Rhode Island.

170. Just and due satisfaction of said demand was not made within forty days thereof.

WHEREFORE, Plaintiffs demand judgment against Laura Sitrin in her capacity as Finance Director of the City of Newport, together with interest and costs.

Plaintiffs demand a trial by jury on all counts.

Plaintiffs,
By and through their attorneys,

Robert D. Parrillo, Esq. (#0798)
THE PARRILLO LAW FIRM
128 Dorrance Street
Suite 450
Providence, RI 02903
(401) 273-3373
(401) 273-2272 FAX

DATED: 12/16/05

DEC 19